The President
delivered the opinion of the Court.*
This is an action of assumpsit for goods, wares and merchandize, sold and delivered. There are several counts irr the declaration, and two accounts filed with it, in pursuance of the 86th section of the Act for limitation of actions, &c. 1 Rev. Code, 510. The defendant pleaded two pleas; non assumpsit, on which issue was joined; and also that the cause of action, for goods sold and delivered, did not accrue within one year next, &c.; to which the plaintiff replied, that at the time of the sale and delivery of the goods, &c. in the declaration mentioned, the plaintiff and defendant were merchants, and that the said goods, &c were sold, &c. by the plaintiff as such merchant, and bought, &c. by the defendant as such merchant; on which, though there is no rejoinder in the record, it is stated that issue was joined, and a general verdict. At the trial, a hill of exceptions was filed, setting forth that the plaintiff offered two accounts, those filed with the declaration; and introduced a witness to prove, that the defendant bought of him sundry goods, included in the item dated 1819, April 10th, merchandize per bill, three months due, 10th of July, 1819, $480 60; and that a bill of particulars was delivered to the defendant with the articles; which proof was admitted by the Court to go to the jury.
Several objections were taken by the counsel for the defendant. The first was to the misjoining of the issue upon the plea of the act of limitations; there being no rejoinder to the replication. But that objection was admitted to be obviated by the act of Jeofails, it being stated in the record that issue was joined on it.
The next objection was to the replication itself, on the supposed ground that the saving in the 4th section of the act of limitations, (1 Rev. Code, 488,) does not apply to the *491 7th section of the same act, which enacts, that actions founded on any account tor goods, and on any article charged in a store account, shall be commenced, &c. within one year next, &c. and not after; but that it applies to the limitation of five years in the 4th section only.
It would be strange indeed, if this construction was to prevail; if an action of indebitatus assumpsit between merchant and merchant, is not to be barred by the saving in the act after five years, but is to be barred before, that is, after one' year. This objection was not well considered, or it would not have been made. In Tomlin, &c. v. Kelly, 1 Wash. 190, it was decided by this Court, that the act of 1799 applied only to the store accounts of retail dealers.
A further objection to the replication was, that it applies as well to the insimul computassent charged in the declaration, as to the counts for goods, &c. sold and delivered; and the case of Webber v. Tivill, 2 Saund. 121, was relied on. But it has no application. In that case, the plea and replication were general, and applied to the insimul computassent as well as to the indebitatus assumpsit for goods, wares, &c. charged in the declaration. In this case, the plea expressly applies to the counts for goods, wares and merchandize only, and not to the insimul computassent. As to that count, the issue was joined on the plea of non assumpsit. But, if otherwise, in the case of Webber v. Tivill, there was a demurrer to the replication; in the case before the Court, issue was joined, on which there was a general verdict; after which no objection can be taken, either of form or substance, which might have been taken advantage of by a demurrer, and which shall not have been so taken advantage of. 1 Rev. Code, 512, sec. 103.
The last objection was to the admission of the proof set out in the bill of exceptions. The 86th section of. the act aforesaid enacts, that in every action of indebitatus assumpsit, the plaintiff shall file with his declaration, an account stating distinctly the several items of his elaim against *492 the defendant; and that on failure thereof, he shall not be entitled to prove before the jury any item which is not so plainly and particularly described in the declaration, as to give the defendant full notice of the character thereof. The object of this section was to give the defendant full notice of any claim which might be insisted on before the jury, under the general counts in the declaration. The words of the section are, “ full notice of the character thereof;” that is, whether the claim was for goods, wares and merchandize, for money laid out, &c. for money received to the use of the plaintiff, &c. &e. The item in the account, which is objected to, certainly gave this notice; and though upon the evidence to the jury, it was made up of many articles, the character of the claim is sufficiently-designated; and the proof that the articles included in it were sold and delivered to the defendant by the plaintiff, was properly admitted by the Court to the jury.
The judgment is therefore to be affirmed.

 Judge Coalteu absent.