TUCKER, P.
This case seems to me without difficulty. The statute requires that in every action of indebitatus assumpsit the plaintiff shall file with the declaration an account stating distinctly the several items of his claim : and on failure, he shall not be entitled to prove any item which is not so particularly described in the declaration, as to give the defendant notice of the character thereof. Now if the proof offered by the plaintiff is such as to sustain the count of *688 insimul computassent, it can be of no importance whether there be any account filed or not; for this count does so particularly *describe the plaintiff’s demand, as to give the defendant notice of the character thereof. On the trial, however, the plaintiff can in such case offer no evidence of any thing but an adjustment of a balance upon a settlement, or an acknowledgment of a balance due. He can go into no evidence of items, not only because he has not filed an account of items, but because the character of the count forbids it. If this be so, then it only remains to see whether the evidence offered tends to prove, or even forms a link in the chain of testimony to prove, the insimul computassent count. If so, it was properly admitted. For we must remember that this is an exception to the admissibility of the evidence, and not a demurrer to evidence. The sufficiency of the evidence is not the question. If it was, I should still be of opinion that it was sufficient. The presentation of an account for payment, and the acknowledgment of it and promise to pay it, seems to me to be full proof of an accounting together, and of the indebtedness of the defendant. But if it be not, can it be denied that it tends to prove it, — that it may be an important link in the chain of proof? And if so, upon what ground could it have been excluded ? The defendant himself does not pretend any other objection than the failure to file an account of items. But that failure does not forbid the proof of a balance due upon settlement, which is distinctly described in the declaration as constituting the plaintiff’s demand in this count,
I am, indeed, further of opinion that the specification was sufficient under any count in the declaration. It is in these words, “ To balance due per account rendered,” and the date of January 1, 1833 is prefixed to the item. Did .not this give the defendant an account of the items of the plaintiff’s demand? The plaintiff had rendered an account to the defendant', , the balance of which was, on the 1st of January 1833, 1405 dollars 7 cents. And he here informs the plaintiff, by the specification ’* filed with the declaration, that his demand is for the balance due by that account which had been rendered, and of 'which the defendant then had, or ought to have had, the possession. If he then had it, what more perfect account of items could he have than that afforded? Does the construction of the law require that a detailed account of items shall be filed, .when the defendant already has the same detailed account in his pocket, to which he is referred by the specification? Cui bono? The object of the law is to give the defendant notice of the items of the demand. ' The plaintiff tells him, “ My demand is for the very items contained in the account which I rendered you.” Is not this notice? I think it is.
The case of Moore v. Mauro, 4 Rand. 488, seems to me clearly to sustain this opinion. There the specification was, “ Merchandise per bill due 10 July 1819.” The court held it sufficient. It is true that there the specification stated the demand to be for merchandise; but the declaration had sufficiently given notice of that fact. No evidence of any thing but goods, wares and merchandises could have been introduced. The only thing wanting was an account of the items of merchandise ; and these having been already furnished by the account or bill rendered, it was-unnecessary to set forth those items in the specification.
It is true that in these cases a preliminary step is necessary. It is necessary to prove that an account was rendered, and so the defendant had full notice of the demand. But this was done in this case, and therefore I think it would have been even competent to-the plaintiff to go into the items on the other counts, if it had been necessary. It was not so, however, the evidence of the balance due being admissible under the insimul compu-tassent.
As to the objection that parol evidence could not be given of the contents of the account, there is, I think, ^nothing in it. And if there was, the objection was not made. The evidence was opposed on the ground alone of the want of a bill of particulars. Had the objection now made been insisted on, it might have been removed, if it was a valid one, by proof that the defendant had been called on to produce the account. Where the admissibility of testimony is contested on a particular ground, it is not competent to the party, in the appellate court, to rely upon other grounds of objection, which he did not make, perhaps because he well knew they could be removed.
Judgment affirmed.