## UNITED STATES *v.* McLAUGHLIN and others.

*(Circuit Court, D. California. August 18, 1885.)*

1. **PRACTICE—ANSWER—EXCEPTION TO INSUFFICIENCY OF.**
   Exceptions to insufficiency of parts or portions of an answer to particular allegations of bills in equity are confined to matters of discovery where the complainant is compelled to rely on the defendant to prove his case.

2. **SAME—CORPORATIONS, INFANTS, ETC.**
   Such exceptions do not lie to the answers of corporations, infants, the attorney general, or when oath to the answer is waived.

3. **SAME—FOUNDATION FOR.**
   The foundation for an exception for insufficiency consists of a sufficient allegation in the bill, and a sufficient interrogatory based upon it.

4. **SAME—BILLS OF DISCOVERY.**
   Bills of discovery are not sanctioned by prevalent practice, and where discovery is asked for in a bill for relief, exceptions to sufficiency of answer will not be considered.

5. **SAME—IMPERTINENCE.**
   The court will only order that matters clearly impertinent be stricken out. Where there are here and there useless or impertinent words, the court will remedy it in the adjustment of costs.

In Equity.

*S. G. Hilborn,* U. S. Atty., and *Mich. Mullany,* for complainant.

*A. L. Rhodes,* for defendants.

SAWYER, C. J., *(orally.)* n the numerous exceptions filed by complainant to the answer in this case two grounds are specified,—insufficiency and impertinence.

Two classes of insufficiency are recognized in equity practice. The first is where the whole answer is alleged to be insufficient to constitute a defense. In such a case the complainant usually has the case set down for argument upon the bill and answer, and the question is disposed of in that method. In other cases, exceptions for insufficiency are taken as to some particular portion or portions of the answer, upon the ground that certain allegations of the bill have not been admitted, or fully and specifically denied, or that the denial is evasive. In such cases the object of the party excepting is to get in the answer a full, specific, and clear admission or denial of the allegations. Exceptions for insufficiency, in respect to such matters, are only applicable to matters of discovery where the complainant is compelled to rely on the defendant for evidence to prove his case. Such an exception will not lie to the answer of a corporation, because the answer of a corporation is not evidence; it is not put in under oath, but under the seal of the corporation. And for similar reasons an exception for insufficiency, as to the answer to any particular allegation of the bill, does not lie where the oath to the answer is waived. The same rule applies to the answer of the attorney general, and answers of infants. 2 Daniell, Ch. Pr. (Ed. 1841,) 879, and note.

Exceptions for insufficiency, of the class last referred to, can relate

only to the subject-matter of a bill of discovery, where a party seeks to obtain in the answer evidence from his opponent; and they are especially adapted to a system of practice where parties are incompetent witnesses in their own cases. With relation to such exceptions, Hoffman, in his "Master in Chancery," says:

"The foundation for an exception for insufficiency consists of a sufficient allegation in the bill, and a sufficient interrogatory based upon it."

And it has been held, under the old practice, that the general interrogatory at the end of the bill, requiring the defendant to answer as to all matters alleged in the bill as fully and particularly as though specifically interrogated thereupon, is a sufficient interrogatory upon which to base an exception. But there must always have been, as a foundation for such an exception, either that general demand in the answer, or a specific interrogatory directed to the particular allegation of the bill specified in the exception. In the case of *Methodist Episcopal Church* v. *Jacques*, 1 Johns. Ch. 75, it was held that the general interrogatory in the bill is sufficient to base an exception of this kind upon. "The mere objection to a further discovery is that the bill contains no special interrogatories. The bill contains the general interrogatory 'that the defendants may full answer make to all and singular the premises, fully and particularly, as though the same were repeated, and they specially interrogated, paragraph by paragraph, with sums, dates, and all attending circumstances and incidental transactions.' The question, then, is whether this be not sufficient to call for a full and frank disclaimer of the whole subject-matter of the bill. And I apprehend the rule on this subject to be that it is sufficient to make this general requisition on the defendant to answer the contents of the bill, and that the interrogating part of the bill, by a repetition of the several matters, is not necessary."

It has also been held that no exception would lie, except where an interrogatory, either special or general, like that just quoted, called for an answer to the allegations of the bill. The decision cited was rendered before the adoption of the equity rules of the supreme court. In our present practice, under the provisions of equity rules 41–43, which permit a complainant, if he desires, to file interrogatories and prescribe the form to be followed, I apprehend that a general interrogatory would be insufficient. But however that may be, the bill in this case is in no sense a bill of discovery, excepting so far as all bills in which an answer under oath has not been waived may in a certain sense be regarded as bills of discovery. It contains no general interrogatory, and no specific interrogatory pointing to the matter set forth in the exception, and manifestly was not intended as a bill of discovery, but as purely a bill for relief. Though an answer upon oath is not waived, yet no demand in the nature of those which distinguish a bill of discovery is made anywhere in the bill. It is manifestly intended simply as a bill for relief, the complainants not seeking evi-

dence, but intending to rely upon the testimony of witnesses to prove their case.

It is very doubtful whether a pure bill of discovery in an equity suit would lie at the present day. It may be that a discovery might be asked for in a bill for relief; but it is probable that no prudent counsel, understanding what must be the effect, would at this day file a pure bill of discovery, or call for a discovery in a bill for relief, and thus unnecessarily give the defendant an advantage which he would not otherwise have under our present practice, which enables a complainant to place the defendant upon the stand and examine him as a witness, and thereby obtain his testimony much more judiciously, —testimony of a character less prejudicial to his client's interests than it would be were the testimony to come in the form of a sworn answer, strained through the legal cullender of his counsel, and by him shaped and shaded in his office at his leisure. Very wisely, I think, the bill in the present case has been made a bill for relief, not a bill of discovery. See *Slessinger* v. *Buckingham*, 8 Sawy. 469; S. C. 17 Fed. Rep. 454.

In *Ex parte Boyd*, 105 U. S. 657, the supreme court intimates that at this day bills of discovery are not only useless, but obsolete, and very strongly intimates a conformation of the idea which this court has endeavored to impress upon the bar here; that is to say, that the spending of time upon exceptions to answers is useless, and such exceptions are usually very much to the disadvantage of the party resorting to them. A defendant is often pressed to a direct denial which constitutes proof of his case in his own favor, which must be overthrown by the testimony of two witnesses, or equivalent proof on the part of the complainant. As I have intimated, this bill contains no allegation looking to a discovery. It merely undertakes to allege the grounds of suit and to develop the issues, and manifestly was not intended to obtain evidence to prove the issues.

The first exception is in general language that an allegation of complainant's bill of complaint indicated "is not sufficiently or at all answered, denied, or admitted in or by said answer." There is in the bill no demand for an answer, general or specific, upon which that exception can rest. The bill is not framed for the purpose of procuring evidence, but is evidently for relief merely. I shall therefore overrule that exception, and leave the complainant to make his proof in relation to the facts referred to by calling the parties as witnesses, if he so desires, or by other documentary evidence, and to obtain evidence by proceeding in the ordinary course. One of the defendants is a corporation, to an answer of which, exceptions for insufficiency, as we have seen, do not lie.

The other exceptions, although some of them refer to matters in the answer which are alleged to be impertinent, or refer to particulars in which the answer is alleged to be ambiguous or insufficient, are all really exceptions for insufficiency. There is no such term as "am-

biguous" known in equity practice with relation to a pleading, except in so far as it may be embraced in the term "insufficient." An answer may be insufficient because it is ambiguous.

Another averment contained in these exceptions is that the answer is, with reference to certain portions of the bill, impertinent.

In the fourth exception a certain portion of the answer is alleged to be impertinent, indefinite, and ambiguous. The only point to that exception must be that the allegations referred to are impertinent. The rule as to impertinence is well stated by Justice STORY in Story, Eq. Pl. § 267, as follows:

"However, in cases of mere impertinence the court will not, because there are here and there a few unnecessary words, treat them as impertinent; for the rule is designed to prevent oppression, and is not to be so construed as to become itself oppressive. Nor will the court, in cases of alleged impertinence, order the matter alleged to be impertinent to be struck out, unless in cases where the impertinence is very fully and clearly made out; for if it is erroneously struck out, the error is irremediable; but if it is not struck out, the court may set the matter right in point of costs."

In a note, attention is called to the language of Mr. Vice-Chancellor BRUCE in the case of *Davis* v. *Cripps*, 2 Younge & C. (New Reports,) 443:

"The court, in cases of impertinence, ought, before expunging the matter alleged to be impertinent, to be especially clear that it is such as ought to be struck out of the record, for this reason: that the error on one side is irremediable, on the other, not. If the court strikes it out of the record, it is gone, and the party may then have no opportunity of placing it there again; whereas, if it is left on the record, and is prolix or oppressive, the court, at the hearing of the cause, has power to set the matter right in point of costs. That consideration has been alluded to by Lord ELDON in *Parker* v. *Fairlie*, [1 Turn. & R. 362,] and other cases. It ought to be clear to demonstration that the matter complained of is impertinent before that which, if wrong, is irremediable, is done." See, also, *Attorney General* v. *Rickards*, 6 Beav. 444, and *Tucker* v. *Cheshire R. Co.* 1 Fost. (N. H.) 38.

In my judgment, none of the matter pointed out by the exceptions filed in this case is so clearly impertinent as to justify the court in striking it out. To go into the question of striking it out might require me to pass upon the merits of the case; whereas, unless those portions of the answer referred to in the exceptions are clearly impertinent, they ought not to be stricken out until the final hearing, when the whole case is before the court, and they can be dealt with as justice and the rights of the parties may demand. Whatever may be the decision in this suit, the case will undoubtedly go to the supreme court of the United States on appeal; and if I should be of opinion that these portions of the answer are impertinent and strike them out, the supreme court might be of a different opinion, and yet, if stricken out, the supreme court would have no basis upon which to finally determine the question and render a proper decree; and it might be necessary to affirm an erroneous decision, because a part of the defendant's case is not in the record.

The portions of the answer which it is most earnestly insisted arc impertinent relate to the different steps taken in definitely fixing the location of the railroad. I think the setting out of those steps in the answer is eminently proper. It is assumed that the supreme court, by its decision in the *Dunmeyer Case,* 5 Sup. Ct. Rep. 566, has established the law in this regard. Undoubtedly it has settled the law, so far as this court is concerned. But counsel have a right to ask the supreme court to modify or amend its decision in that case, or to consider its application to a new state of facts. They have a right to submit the question again to that tribunal; and if these portions of the answer be stricken out, there will be no basis upon which to bring these questions again before the court. Besides, in the case referred to, only the case there presented was decided, and the decision is authoritative only to the extent called for in that case. In that decision it is held that the line of the road becomes fixed when it is definitely fixed by the company, and a map of the location filed in the office of the secretary of the interior. The time of the filing of such map was sufficient for the purposes of that case. There might be found to be a difference in this case. That is to say, the filing of the map might be the evidence, and the only evidence, that the secretary of the interior would act upon in issuing a patent. He would require evidence as to the time when the line of the road was definitely fixed, in order to justify him in exercising his functions of issuing a patent. That was the question before the court in the *Dunmeyer Case,* and it is a very different question from the question whether or not some other person has the prior right. The statute in no provision requires that a map of a definite location shall be filed. It is only a map of the general location that the statute requires to be filed in the office of the secretary of the interior; and upon the filing of that map all lands lying within 15 miles on each side of the road are reserved from sale, which is a distance of 10 miles wider than the extent of the lands granted, giving an opportunity for the line of the road to swing at least five miles from the line, as shown in the map of general location, and still have 10 miles within which to fix the limits of the grant.

On filing the map of *general* location, under the statute, the lands are withdrawn from pre-emption, or from opportunities on the part of any one else to acquire rights in them, and that condition of things remains until the road is definitely located and built. When it becomes definitely located in fact,—and it is certainly, really, definitely located when the road is constructed and finished,—the railroad company has performed all its duties, and its right to the land has become perfected, I should suppose; at least, counsel may well so argue, and they are entitled to have the question determined by the supreme court, as well as by this court. Even if the secretary of the interior can properly refuse to act upon any other evidence than the filing of the map *definitely* fixing the location, yet this is but a rule adopted

for *administering the affairs of his office*, and the railroad company's title might still well be fixed and indefeasible before the filing of a map of the definite location; and that map might only furnish final and conclusive evidence upon which the patent should be issued. The right to the land may be perfect before the patent issues, or would be issued; the patent being but the final record, and indisputable evidence of the title. The allegations of the answer, then, as to the time when the location was made, as well as when the plats of the different portions of the location were filed, can by no means, in my judgment, be stricken out as impertinent. I think those are matters which should be left in the answer and open to proof, for consideration by this court, and by the supreme court on appeal. Even if I should deem such matter impertinent, the supreme court might take a different view, and the parties here have the right to have that question passed upon on appeal.

These observations especially refer to the exception which was most elaborately argued and most strongly insisted upon; and the other exceptions are of similar character. It may be that some few words which are excepted to are impertinent, but they are not so clearly so, or of such importance, as to justify me in sustaining the exceptions.

The exceptions are therefore overruled, with leave granted to complainant to file a replication within five days.