## SAFFORD v. ENSIGN MFG. CO.

(Circuit Court of Appeals, Fourth Circuit. February 3, 1903.)

### No. 454.

1. EQUITY JURISDICTION—BILL FOR DISCOVERY AND RELIEF—FEDERAL COURTS.

A federal court of equity is without jurisdiction of a suit in which discovery and relief are sought, but the only ground for equitable relief appears to be a discovery of evidence to be used in the enforcement of a purely legal demand.

2. SAME.

A bill based on a contract by which defendant agreed to use a patented device of plaintiff on cars to be built by defendant, and to render statements to plaintiff showing the number of cars so equipped, and pay a royalty thereon, which alleges that defendant has failed and refused to render the statements or pay the royalty, and prays for a discovery and accounting, is not one for an accounting between persons occupying fiduciary relations, and for that reason within the jurisdiction of equity, but is in effect one to enforce a legal demand, in aid of which a discovery is sought, and as such is not within the jurisdiction of a federal court of equity, both because defendant is entitled to a jury trial on the merits, and because a bill of discovery is rendered unnecessary by Rev. St. § 724 [U. S. Comp. St. 1901, p. 582], under which plaintiff may compel the production of the required evidence in an action at law.

Appeal from the Circuit Court of the United States for the Southern District of West Virginia.

Z. T. Vinson, for appellant.

F. B. Enslow, for appellee.

Before GOFF, Circuit Judge, and PURNELL and BOYD, District Judges.

GOFF, Circuit Judge. The appellant filed his bill of complaint in the court below against the appellee, alleging an agreement between them under the terms of which the Ensign Manufacturing Company (appellee here) was to use a certain patented drawbar device, owned by the complainant below, on the cars manufactured by such company, and was to render statements to him at regular periods of time, showing the number of cars so manufactured at its works upon which said drawbars had been placed, and was also to make quarterly payments to him for such use at the rate of two dollars per car on which the drawbar had been placed. It was set out in the bill that said company had used a large number of such devices upon the cars it had manufactured (over 5,500 in number), the exact number complainant being unable to state because the company had failed to render the statement to him as required by the terms of the said license to it, and had also failed and refused to make the quarterly payments due as the royalty stipulated in the contract. It was alleged in the bill that the accounts respecting such dealing were still open and unsettled, and that on the proper adjustment of the same a sum of money exceeding $2,000 would be due from the defendant to the complainant. The prayer of the bill was for a full and true discovery of and concerning all the transactions had under and re-

lating to said agreement, for an accounting thereof under the order and direction of the court, and then for a decree in favor of the complainant for the amount found due him. To this bill the defendant demurred, and the court, sustaining the demurrer, granted permission to the complainant to amend his bill, which in due time he did, to which amended bill the defendant also demurred, and the court, after holding the demurrer to be well taken, entered an order dismissing the bill. From that order the appeal now under consideration was allowed.

The only question raised in this court by the assignments of error is concerning the jurisdiction of a court of equity over a bill of this character. The same point was presented to the court below by the demurrer there filed. That court held that there was a full and adequate remedy at law, and therefore the order dismissing the bill was entered. We have carefully considered the authorities relied on by counsel for the appellant, and we conclude that they do not authorize a reversal of the decree complained of. The court below filed an opinion in which the question of jurisdiction is fully and ably discussed, and, as we find that it properly decides the question herein involved, we adopt it as the judgment of this court. It is as follows, viz.:

"This case is submitted upon demurrer to the amended bill filed herein. It is contended on behalf of the plaintiff that equity is the proper forum for the trial of this cause, because there is no complete and adequate remedy at law, and the bill in this case is for discovery and relief, and that equity, having taken jurisdiction for the purpose of enabling the plaintiff to obtain a discovery, would retain it for the purpose of affording him relief, or, in other words, would completely dispose of the matters involved for the purpose of avoiding a multiplicity of suits. On behalf of the defendant it is contended that the remedy at law in this case, as is apparent from the nature of the claim as disclosed in the bill, is complete and adequate. It appears therefrom that the claim is for money claimed to be due the plaintiff under a contract made with defendant whereby the defendant agreed to pay to the plaintiff two dollars for each car manufactured by defendant upon which was placed a patent coupler designed and patented by the plaintiff, or, at least, the patent for which is the property of the plaintiff. It is contended on behalf of the defendant that the common-law action of assumpsit presents an appropriate remedy in this case, and that, by virtue of the provisions of section 723, Rev. St. [U. S. Comp. St. 1901, p. 583], the federal courts are without equitable jurisdiction in such a case, and that by the provisions of section 724, Rev. St., the plaintiff may, on motion and due notice thereof, require the defendant to produce its books or other writings containing the information desired, and to obtain which the plaintiff has resorted to equity. In reply to this it is contended by plaintiff that, even though these statutes exist, the remedy in this case by action in assumpsit is not plain, adequate, and complete, because by virtue of section 11, c. 125, Code W. Va., a plaintiff in assumpsit is required to file with his declaration 'an account stating distinctly the several items of his claim, unless it be plainly described in the declaration, and if he fail to do so he shall not be permitted to prove any item not stated in such account, on trial of the case,' and that plaintiff is not in possession of information upon which to base a proper statement of the amount of his claim. In order to determine whether the statutory provision quoted is such a requirement as, in a case like the present, actually renders the action at law incomplete and inadequate, it is important to know what is a sufficient account under the statute; and in the first place we may say that its object and purpose is to give the defendant notice of the character of the plaintiff's demand. Moore v. Mauro, 4 Rand. 488; Abell v. In-

surance Co., 18 W. Va. 412. The demand, as described in the account filed, must comport with that asserted in the declaration. Moore v. Mauro, supra; Fitch v. Leitch, 11 Leigh, 471. And the account should be plain enough to guard against surprise. Phillips, Ev. 147. The account thus required to be filed is no part of the pleadings themselves, and its sufficiency cannot be tested on demurrer. Choen v. Guthrie, 15 W. Va. 113; Abell v. Insurance Co., supra; Smith v. Townsend, 21 W. Va. 486. It would seem, therefore, that the only care that would need to be exercised by the plaintiff, in a case like the present, would be to see that he filed an account for royalty upon a sufficient number of the couplers to insure that he was not understating the facts. Indeed, it is doubtful whether any account would need to be stated, where the declaration contained a special count setting forth the substance of the agreement, as the claim could be alleged as well in the count as by a bill of particulars; the latter being necessary for particularity where the common counts are resorted to by the pleader. It is undoubtedly true that equity will take jurisdiction in cases where there is an agency of a fiduciary character, involving trust and confidence and making it necessary to keep accounts and preserve vouchers, even though the demands are not on both sides, and there is no charge of fraud or misrepresentation. Zetelle v. Myers, 19 Grat. 68; Coffman v. Sangston, 21 Grat. 263; Segar v. Parrish, 20 Grat. 680; Thornton v. Thornton, 31 Grat. 212. These cases and many English cases hold the doctrine that, whenever the relation between the person who seeks the account and the person against whom he seeks it partakes of a fiduciary character, a trust is reposed by the plaintiff in the defendant, and that that trust is not the same as is represented to exist in the ordinary employment of an agent, such as a builder or other tradesman. Zetelle v. Myers, 19 Grat. 68, and cases cited. The question whether this case falls within this class is not free from doubt, inasmuch as it is alleged in the bill that defendant agreed to report to plaintiff the number of cars built by defendant upon which his device was used; and, if this bill can be sustained at all, it must be upon the ground that such fiduciary relation existed in this case. I think, however, that this case cannot be said to fall within this class, as in all the cases I have been able to find, sustaining the doctrine above referred to, a distinct personal agency of a fiduciary nature existed on the part of the defendant toward the plaintiff. Here there was a contract of sale, in the nature of a license, and no direct allegation is made in the bill that defendant was made the agent of plaintiff for any purpose.

"In reality, what is wanted here is rather a discovery than an account. Undoubtedly, a simple bill for a discovery might have been sustained in aid of a suit brought or to be brought at law, unless section 724, Rev. St. [U. S. Comp. St. 1901, p. 583], renders such bill unnecessary; and the point here is whether this can be sustained as a bill for discovery and relief. Such bills have been sustained in various jurisdictions, apparently through a misapplication of the maxim that equity, having assumed jurisdiction of a cause for one purpose, will retain jurisdiction to grant relief; but the whole practice seems to be clearly opposed to the principle, and to the established English practice, after which the federal equity practice is modeled. 1 Story, Eq. Jur. (13th Ed.) p. 78, note on Jurs. for Dis.; 2 Am. & Eng. Enc. Law, 199, note 6. But, however this may be in state jurisdictions, it has been held by the highest federal authority that 'the Constitution, in its seventh amendment, declares that in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved. In the federal courts this right cannot be dispensed with, except by the assent of the parties entitled to it, nor can it be impaired by any blending with a claim properly cognizable at law of a demand for equitable relief in aid of the legal action or during its pendency. Such aid in the federal courts must be sought in separate proceedings, to the end that the right to a trial by jury in the legal action may be preserved intact.' Scott v. Neely, 140 U. S. 109, 11 Sup. Ct. 713, 35 L. Ed. 358. It has been held that in ordinary cases a pure bill of discovery can no longer be maintained in the equity courts of the United States, because under section 724, Rev. St., it is no longer generally needed. See Rindskopf v. Platto (C. C.) 29 Fed. 130; Preston v. Smith (C. C.) 26 Fed. 885, 889; U. S. v. McLaughlin (C. C.) 24 Fed. 823, 825; Ex parte Boyd, 105 U. S.

647, 26 L. Ed. 1200; Paton v. Majors (C. C.) 46 Fed. 210. From these cases I deduce the doctrine that in a case in which discovery and relief are sought, but the only ground for equitable relief appears to be a discovery of evidence to be used in the enforcement of a purely legal demand, the jurisdiction cannot be sustained. To sustain it would violate the doctrine laid down by Justice Field in Scott v. Neely, supra, and would permit, by indirection, the entertaining of a bill for discovery, although the trend of authority is that a pure bill for discovery cannot be maintained in the federal courts, because it is no longer necessary.

"For these reasons, I am of opinion that the demurrer should be sustained and the bill dismissed. It is accordingly adjudged, ordered, and decreed that the bill of the plaintiff be dismissed, and that the defendant recover its costs in this behalf expended."

The decree of the court below is affirmed.