**LONDON GUARANTEE & ACCIDENT CO., Limited, v. DOYLE et al.**

(Circuit Court, E. D. Pennsylvania. May 28, 1904.)

No. 40.

1. EQUITY JURISDICTION—SUIT FOR ACCOUNTING—ADEQUATE REMEDY AT LAW.
Complainant insured defendants, who were building contractors, against liability for injuries to their employés, or to others through the negligence of their employés, the stipulated premiums being based upon a percentage of the amount paid by defendants in wages during the term of the policies. An estimate of such amount was made at the beginning, and premiums paid thereon, the contract providing that defendants should make a statement at the end of the policy period of the actual amount in accordance with which the premium should be readjusted by a rebate or additional payment. *Held*, that a bill alleging that defendants refused to make such statement, fraudulently claiming that their pay rolls were no larger than estimated, did not state a cause of action for relief in a federal court of equity for a discovery and accounting, the remedy at law being adequate, in view of Rev. St. § 724 [U. S. Comp. St. 1901, p. 583], giving the right to compulsory orders for the production of books and papers.

In Equity. On demurrer to bill.

Thomas Raeburn White, for complainant.
Bell & Rhoads, for respondents.

J. B. McPHERSON, District Judge. The brief of complainant's counsel accurately outlines the case made by the bill in the following language:

"As set forth in the bill, the plaintiff corporation is engaged in the business of insuring employers of labor against loss on account of liability incurred by them through injuries suffered by their employees, or occasioned to others by their negligence. The defendants, who are contractors and builders, were so insured by the plaintiff during the year 1902–1903, several policies being issued to them on May 28, 1902, covering the various classes of risks. It is obvious that the risk assumed by the insurer is commensurate with the number and character of the employés of the insured. The premiums, therefore, are based upon a percentage of the total amount paid out in wages by the insured during the policy period. As it is impossible to accurately determine in advance what the pay roll during any particular period will be, it is customary for the insured to submit an estimated pay roll at the beginning of the policy term, pay premiums based upon the estimate, and then for an accounting to be taken at the end. At that time, if the pay roll·has proven to be less than the estimated amount, the insurer returns a stipulated portion of the premium; on the other hand, if it proves to be greater than the amount estimated, the insured pays an additional premium upon the excess. Such an agreement, with mutual covenants to pay rebates and excess premiums, as indicated, was made between the parties in this case. To further protect itself, the plaintiff required covenants, which were duly entered into by the defendants, to render written statements of the amounts of the pay rolls at the end of the year, under oath, if required, and to allow the plaintiff or its agents to inspect their books 'at all reasonable times' to satisfy itself as to the accuracy of the various estimates made.

"The policies issued for the year mentioned were accepted by the defendants, the premiums based upon the estimated pay rolls were duly paid, and the plaintiff indemnified them according to the contract.·

"The bill then avers that many of the pay rolls of defendants were much greater than the amount estimated by them at the beginning of the year, and therefore a duty was imposed upon them by the contract to account for the excess; but that they falsely averred that the actual pay rolls were no

greater than the estimated amounts, declined to furnish written statements, and refused to allow the plaintiff to examine their books, although, under the contract, it was entitled to do so. It then concludes with a prayer for an accounting, for discovery, and for general relief."

The demurrer is put upon several grounds, of which one only need be considered. In my opinion, the remedy at law is complete and adequate. All that the complainant needs to know is the single fact whether the sum actually paid out by the defendants during the year exceeded the sum that was estimated when the policies were taken out. As soon as this fact is known, the complainant's case is either made out or is lost; and, if made out, the measure of damages is also established. There are no mutual or complicated accounts to unravel. There is no relation of trust, properly so called, between the parties; and the only fraud charged is the defendants' declaration that "the actual amount of said pay rolls was no greater than the estimated amount." If this is not the truth, the wrong can be fully remedied by compelling the production of the necessary books and papers in a suit at law. It is not necessary that the precise amount (if any) that is due by the defendants should be known to the complainant before the suit is begun. If the company claims enough to be on the safe side, the exact sum can be found out afterwards without doing harm to any one. The case is not distinguishable, I think, from Safford v. Ensign Mfg. Co., 120 Fed. 480, 56 C. C. A. 630, recently decided by the Circuit Court of Appeals for the Fourth Circuit. Section 724 of the Revised Statutes [U. S. Comp. St. 1901, p. 583] seems to furnish all the remedy that is needed in the present case. That section reads as follows:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

The demurrer is sustained, and the bill is dismissed, at the costs of the complainant.