JOHN CHURCH CO. et al. v. ZIMMERMANN.

(Circuit Court, E. D. Wisconsin. July 11, 1904.)

1. FEDERAL COURTS—EQUITY—BILL—INTERROGATORIES—FAILURE TO ANSWER—EXCEPTIONS.

Where a bill in the federal courts for infringement of copyright prayed the usual discovery in an answer by the defendant both to the allegations and interrogatories, the waiver of an answer under oath did not entitle defendant to file an answer consisting of a mere general denial neither responding to the interrogatories nor stating "the circumstances of which the defendant intends to avail himself by way of defense," as required by the federal equity rules; and an answer so filed was subject to exceptions.

In Equity. On exceptions to the answer for insufficiency.

Bloodgood, Kemper & Bloodgood, for complainants.
Voigt & Voigt, for defendant.

SEAMAN, District Judge. The bill in this case is founded on an alleged copyright and alleged infringements thereof by the defendant, and the usual discovery is sought in an answer by the defendant, both to allegations and interrogations, oath thereto being waived. The answer is a mere general denial, neither responding to the interrogatories nor stating "the circumstances of which the defendant intends to avail himself by way of defense" (1 Daniell's Ch. Pl. & Pr. [6th Am. Ed.] 712), nor otherwise complying with the fundamental rule in equity that "he shall answer fully to all the matters of the bill" (rule 39) when he "submits to answer." On exception thereto for manifest insufficiency the question is raised whether the answer is subject to such exception when oath is waived. That this exception is well taken under the equity practice of the federal jurisdiction is settled by the equity rules adopted by the Supreme Court (pursuant to sections 913, 917, Rev. St. [U. S. Comp. St. 1901, pp. 683, 684]) and the line of decisions

thereunder.   1 Bates on Federal Eq. Prac. §§ 118, 334, and citations; 1 Foster's Fed. Prac. §§ 148, 153; 3 Desty's Fed. Prac. 1757.   Confusion has arisen upon this question through the rulings in various state courts and statements in text-books of a general rule in equity that no exception for insufficiency lies where the answer is not under oath. The decisions pro and con in the several states are largely, though not in all instances, due to special provisions by statute or rule, and, however instructive, cannot govern the federal procedure.   Of the text-books cited it is sufficient to refer to a leading authority, Daniell's Chancery Pl. & Pr., wherein it is remarked in the text (volume 1, p. 737 [6th Am. Ed.]) that "no exception can be taken to an answer put in without oath or signature or attestation of honor," citing in the note Hill v. Earl of Bute, 2 Fowl. Ex. Pr. 10, and New York and Tennessee cases; and the same view is repeated in the notes, page 760.   The rule thus stated, however, cannot prevail under the rules of equity practice promulgated by the Supreme Court to supplant "the slow and oppressive procedure of the English practice for compelling an appearance and answer" with the "simple, speedy, and effectual procedure" established by the rules.   1 Bates on Fed. Eq. Prac. § 334.   Preserving the original and inherent power of equity to enforce discovery, these rules are unmistakable in requiring the defendant "to search his conscience," and answer fully, with or without oath.   Waiver of oath to the answer "is not a waiver of the right to a full answer," and affects only the evidential character of the pleading.   1 Bates, § 118, and cases cited.   The single instance of departure from this view in U. S. v. McLaughlin (C. C.) 24 Fed. 823, is disapproved in the cases thus cited, including Whittemore v. Patten (C. C.) 81 Fed. 527, in the same circuit.

The exceptions to the answer are sustained, and the defendant is required to answer fully on or before the next rule day.