Newport Poster Advertising Co.
vs.
Alan R. Wheeler et als.

Eq. No. 2303.

November 3, 1931.

BAKER, J. Heard on respondents' motion to strike out portions of the bill of complaint.

This bill is brought to restrain the prosecution of a certain criminal complaint brought by one of the respondents against the complainant, which complaint is based upon the provisions of an ordinance of the Town of Middletown regulating outdoor advertising. The complainant in said bill also seeks to have said ordinance declared void and of no effect on the ground that it is unreasonable and oppressive in operation.

The complainant first argues that the respondents are proceeding improperly herein and that they should have either answered, demurred, pleaded, or filed exceptions.

The points raised by the respondents' motion have been fully argued and briefed. While possibly the procedure followed by the respondents is not common and is somewhat unusual, at the same time it does not appear to be without precedent.

*Matteson* vs. *Whaley*, 19 R. I. 648.

Further, it would seem that the motion in question was filed out of time under a stipulation between the parties. In view of all these facts and the full presentation, the Court has concluded to consider the motion upon its merits.

The ordinance involved herein was passed by the Town of Middletown in order to regulate the business of outdoor advertising and the action was taken under the authority conferred by Chapter 121 of the General Laws of Rhode Island, 1923, in order to preserve and promote public safety, health, morals, comfort and general welfare.

The Enabling Act, under which this ordinance was passed, has been held constitutional in this State.

*Horton* vs. *Old Colony Bill Posting Co.*, 36 R. I. 507.

The respondents first ask to have struck from the bill paragraphs 3 to 12 inclusive and paragraphs 14 and 18, on the ground that they are immaterial and irrelevant. In substance these paragraphs set out and describe the nature of the business conducted by the complainant and its method of carrying on the same. In particular, the contention is that outdoor advertising is now national in its scope, and that the copy for displaying the advertising and the structures and billboards used in connection therewith have become more or less stabilized and standardized, and that the requirements of the ordinance in question would, in effect, practically put the complainant out of business.

The principal issue on this phase of the matter would, therefore, seem to be the reasonableness of the ordinance under discussion. The Enabling Act requires any local ordinance or regulation to be reasonable in its requirements.

See also *Gilmartin* vs. *Standish-Barnes Co.*, 40 R. I. 219.

The complainant argues very strongly that it is entitled to put before the Court, in order that it may come to a fair decision on the question of the reasonableness of this ordinance, the matters which it has alleged relating to its business, so that it may present what

it has termed a factual background for the proceeding.

The complainant in support of its position has called to the Court's attention several cases which it contends uphold the claim that such matters may properly be considered in passing upon the question of reasonableness.

Dobbins vs. Los Angeles, 195 U. S. 223;

U. S. vs. McLaughlin, 24 Fed. 823;

Wells vs. Oregon R. & N. Co., 15 Fed. 561;

South & N. A. R. R. Co. vs. Railroad Com., 171 Fed. 225;

Curran Bill Posting Co. vs. Denver, 47 Colo. 221.

The respondents, on the other hand, urge that the allegations set out in the declaration in question are entirely irrelevant; that the ordinance in question is reasonable; that it comes under the exercise of the police power, and that the fact that the complainant's business is nationally standardized and that the effect of the ordinance may be to cause it to lose contracts or to prevent it from operating is not material. They also contend that several decisions support them in this contention.

Horton vs. Old Colony Bill Posting Co., supra;

City of Maryville vs. Standard Oil Co., 27 Fed. (2nd) 478;

St. Louis Poster Adv. Co. vs. St. Louis, 195 S. W. 717, and 249 U. S. 269;

St. Louis Gunning Adv. Co. vs. St. Louis, 235 Mo. 99.

It seems quite clear that the case of St. Louis Poster Adv. Co. vs. St. Louis, supra, is one of the leading cases on the question here presented and may become important in the ultimate decision of the case. The complainant, however, seeks to explain the finding therein by contending that the Court states that it was bound by a previous decision in the case of St. Louis Gunning Adv. Co. vs. St. Louis,

supra, in which latter case the factual background, so-called, which is set out herein the paragraphs under discussion, was not alleged and, therefore, could not be considered in passing upon the question of the reasonableness of the ordinance involved.

The Court has given careful consideration to the question here presented. The respondents are very properly attempting to limit the bill to the matters which they believe are directly in issue. Unquestionably the complainant has set out very fully and in considerable detail in the paragraphs in question the nature and method of its business. On this issue the question before the Court will obviously be that of the reasonableness of the ordinance. The complainant is bringing the bill and will have the burden of proof of showing that the ordinance is unreasonable and oppressive.

The Court does not feel that it should unduly restrict or hamper the complainant in the presentation of its case. It may be that some of the matters referred to in the paragraphs under discussion may help the Court in arriving at its decision relating to the reasonableness of the ordinance. This question is, of course, primarily one for the Court and it would seem that it should have all the assistance within reason in passing upon it.

On the one side, the mere fact that a town has passed an ordinance does not in and of itself make that ordinance reasonable. On the other hand, the fact that a complainant's business is standardized or stabilized, or that it may be financially injured, is, of course, in no way decisive on the question of reasonableness.

At this stage in the proceeding the Court does not feel that it should be in the position of attempting to determine the merits of the litigation. The Court has come to the conclusion, therefore, that on the whole it should deny the respondents' motion to strike

out from the bill the paragraphs in question.

The respondents further move that a portion of the 26th paragraph be struck out. Following the general line of reasoning as set out above, the Court will also deny this portion of the motion to strike out.

In addition, the respondents have moved to strike out certain portions of the bill on the ground that such portions set out the motives, reasons and purposes which actuated the Town Council and others in passing and having passed the ordinance in question. This part of the motion includes portions of paragraphs 15, 20, 23 and 25 of the bill.

The chief question raised by the bill would seem to be whether or not the ordinance is unreasonable, oppressive and unconstitutional. It would appear to the Court that the reasons, motives, purposes and feelings of property owners, those interested in obtaining the passage of the ordinance, and the members of the Council are immaterial and not relevant to the actual issue involved. The Court is, therefore, of the opinion that the respondents' motion to strike out the portions of the paragraphs above referred to should be granted.

The respondents next ask that paragraphs 16, 17 and 21 of the bill be struck out. Attached to the bill and made a part by reference is a copy of the ordinance in question. The ground of this request is that these paragraphs are argumentative in their nature and are conclusions of law.

Paragraph 16 is largely a summary of said ordinance. Paragraph 17 appears to set out what is the complainant's contention of the effect of said ordinance. It would seem to be largely argumentative. Paragraph 21 claims that the ordinance is void and of no effect and then proceeds to set out very fully and in detail with reference to specific sections the reasons for so

claiming. It also contains an allegation that the ordinance is unconstitutional, with the reasons for so contending.

After carefully considering this part of the respondents' motion, the Court has come to the conclusion that it will grant the motion insofar as it relates to paragraphs 16 and 17, but will deny it in connection with paragraph 21.

In view of the fact that the ordinance itself is attached to the bill, paragraph 16 seems, therefore, unnecessary, and paragraph 17 is largely argumentative as to the effect of the ordinance. Of course, paragraph 21 also contains many conclusions and matters of argument. It is often difficult to definitely separate allegations of fact and conclusions of law. Frequently they are bound up together. Further, the complainant urges that the allegations in paragraph 21 may become necessary and vital to it in case this litigation should proceed into other tribunals.

This Court can not, at this stage of the proceeding on a motion to strike out, tell with accuracy what allegations the complainant may need to protect whatever rights it may have. In this matter, therefore, the Court believes it should give the complainant the benefit of whatever doubt there may be, in order that it may have an opportunity to fully present its claims in this connection.

The respondents have also moved to strike out paragraph 19 of the bill because the allegations of fact contained therein are immaterial and because conclusions of law are also stated in said paragraph.

By this paragraph the complainant is obviously seeking to raise a question as to the propriety of the ordinance giving to certain private individuals the power to refuse to permit the erection of new structures and the repairing of its present structures.

The respondents contend that this

matter has been determined by the decision of the Court in the case of *Cusack* vs. *City of Chicago*, 242 U. S. 526.

The complainant argues that this case on the facts is distinguishable from the case at bar. It also urges that the question raised by this paragraph bears a relation to the exercise of police power and to the reasonableness of the ordinance in question.

> See *Curran Bill Posting Co.* vs. *Denver*, *supra*, and
> *Horton* vs. *Old Colony Bill Posting Co.*, *supra*.

After giving this matter due consideration, the Court is of the opinion that it should not at this time strike this paragraph from the bill, but should leave the parties to their proof for determination at the final hearing. This portion of the motion to strike out is therefore denied.

The respondents have moved that the first portion of the 20th paragraph of the bill be stricken out for the reason that the allegations are immaterial and are arguments and conclusions of law.

In the first part of this paragraph, the complainant seeks to raise the issue of discrimination, claiming that a large number of outdoor advertising signs are not regulated and not affected by this ordinance. Each of the parties contends that the language in the case of *Horton* vs. *Old Colony Bill Posting Co.*, *supra*, is favorable to its contention.

It seems to the Court that under all the circumstances it should not at this time prevent the complainant from raising this issue of improper discrimination, if it desires to do so. For this reason the motion to strike out the portion of paragraph 20 relating to this matter is denied.

Finally, the respondents have asked that certain words in the 24th paragraph be struck out as being mere conclusions and opinions.

A consideration of the matter leads the Court to believe that the respondents are correct in this claim and the part of the motion relating to certain words in the 24th paragraph is granted.

Attorney for complainant: Max Levy, Esq.

Attorneys for respondent: Burdick, Corcoran & Peckham.