### RINDSKOPF v. PLATTO.

*(Circuit Court, E. D. Wisconsin.    November 8, 1886.)*

DISCOVERY—PARTIES COMPETENT WITNESSES.
  A bill for discovery in aid of an action at law cannot be maintained where full discovery may be compelled by examination of the adverse party as a witness in the suit at law.

In Equity.   Bill for discovery.
*Mr. Monroe,* for complainant.
*J. V. V. Platto, in pro. per.*

DYER, J., *(orally.)*   This is a bill for a discovery. The discovery sought is of certain facts in aid of a suit at law pending in this court between the same parties. The bill is demurred to on the ground that it is not maintainable upon the case presented.

The suit at law was brought by the present complainant to recover from the defendant certain amounts of money which the complaint in that case alleges he collected, as attorney for the plaintiff, upon a promissory note placed in his hands for collection. To that complaint the defendant made answer to the effect that, at the time named he collected upon the note the sum of $1,350, and paid the same to the plaintiff; that subsequently he collected the further sum of $251.38, which was indorsed upon the note, and retained in his hands to apply upon services. It is then further alleged in the answer that, at a later date, he collected, by virtue of certain proceedings which he says were instituted for the purpose, the further sum of $2,487.15, and paid the same to the plaintiff. There is then a

further allegation that he rendered other services which were incident to the collection of the note, and that his entire services were worth the sum of $500; and, after applying upon that sum the $251.38 before referred to, he demands, in a counter-claim contained in his answer, a judgment against the plaintiff for the sum of $248.62. This answer was amended so as to set out more fully and particularly the services which the defendant alleged he rendered for the plaintiff. Otherwise the amended answer is like the original. To the counter-claim thus set up the plaintiff replied, denying that there was anything due to the defendant for services rendered to the plaintiff, and alleging that he had been fully paid for all services performed by him in the collection of the note.

This suit at law being pending, the plaintiff therein filed this bill upon the equity side of the court. It is not, it should be observed, a bill for discovery and relief, but a bill for discovery purely, and the facts which the court has already stated are set out in the bill. It is, moreover, alleged in the bill that the defendant collected various sums of money, to apply upon the note in suit, from parties against whom the complainant's husband had held accounts and choses in action, which accounts and demands the bill avers had been placed in the defendant's hands for collection; and when collected the proceeds were to be applied upon this note. The complainant also states that, in consequence of the lapse of time, she is ignorant of various facts which are material to the trial of the issues in the suit at law,—particularly with reference to the payments alleged to have been made to the defendant on account of services; and she calls upon the defendant in aid of the trial of the suit at law, to discover all the facts in relation to such payments, and in connection with the transaction which is the subject of controversy between the parties. The bill concludes with numerous interrogatories addressed to the defendant, followed by a prayer for discovery, and for an injunction to restrain further proceedings in the suit at law until discovery is made.

The question to be determined is, is the bill maintainable? Under the chancery practice, and independently of any statute by virtue of which a party can be compelled to testify as a witness in a suit at law, we find the rule, as laid down by Mr. Story in his Equity Pleadings, (section 555,) to be as follows:

"In cases of a purely civil nature, courts of equity will not sustain a bill for a discovery in aid of a suit pending in another court of ordinary jurisdiction if that court itself can compel the discovery required; for, in such a case, the remedy elsewhere is complete, and the interference of a court of equity is unnecessary and vexatious. Thus, where a bill, among other things, was filed for a discovery of the value of the respective real and personal estates of the inhabitants of a parish, in which certain church rates had been assessed, and how the money collected by means of such rates had been disposed of, a demurrer was allowed, because the ecclesiastical court in which the suit was depending, and to which the ordinary jurisdiction belonged, was capable of compelling the discovery."

Before the passage of the statute of the United States which permits parties to be sworn and examined as witnesses in suits at law, I suppose there is no doubt that such a bill as this would lie, because the case would then be within the rule thus stated by Mr. Story. Discovery of the facts from the party could be in no other way obtained. But since the passage of the act of July 2, 1864, (section 858, Rev. St.,) which provides that no witness shall be excluded in any civil action because he is a party to or interested in the issue tried, a party to a suit may be a witness, may be called by the adverse party on the trial, and may be compelled to disclose all facts within his knowledge touching the controversy between them.

It was held by Judge BLATCHFORD in the case of *Heath* v. *Erie R. Co.*, 9 Blatchf. 319, which was a bill of discovery, that, since the passage of that act, a bill for the discovery of facts resting in the knowledge of the opposite party is unnecessary; for the discovery can be had by an examination of the party in the first cause. "The theory and basis of a bill of discovery in equity in aid of a defense in another suit is that the court in which such other suit is pending has no means of compelling a discovery from the plaintiff therein of the facts material to the defense."

Even more decisive and authoritative is the decision of the supreme court of the United States in *Brown* v. *Swann*, 10 Pet. 497,—a case not referred to on the argument, and which must have escaped the attention of counsel on both sides. That was a case arising under the statute of usury of the state of Virginia, and I read at some length from the opinion of the court, because the rule on the subject is clearly and fully stated. The court, referring to the statute, say:

"The third section of the statute is in these words: 'Any borrower of money or goods may exhibit a bill in chancery against the lenders, and compel them to discover on oath the money they really lent, and all bargains, contracts, or shifts which shall have passed between them relative to such loan, or the repayment thereof, and the interest and consideration for the same.' * * * The first question, then, to be considered is, can the bill of the complainants be brought within the operation of the section? We think not. Besides only making the contingent and prospective offer to pay the principal when the affairs of the intestate 'would admit of it,' which is altogether insufficient, as any other indefinite offer or acknowledgment of obligation to pay the principal would be, the bill is deficient in the material averment, essential to all such bills of discovery as this is, that the complainants are unable to prove the facts sought from the conscience of the defendant by other testimony; but, on the contrary, facts are stated in it from which a different presumption may be fairly raised.

"When the legislature of Virginia passed the statute, it fixed the nature and extent of the jurisdiction of a court of equity to compel a discovery upon oath from an interested party, in a suit either at law or in equity, and the rules which equity had prescribed to itself to enforce its jurisdiction in this regard. It knew the distinction between a bill for such discovery and other bills in chancery, which are also bills for discovery. One of the former is a bill for the discovery of facts alleged to exist only in the knowledge of a person, a party to a private transaction with the person seeking the disclosure, essential to the establishment of a just right in the latter, and which would

be defeated without such disclosure. In other words, it is a bill to discover facts which cannot be proved according to the existing forms of procedure at law. The jurisdiction of a court of equity in this regard rests upon the inability of the courts of common law to obtain or to compel such testimony to be given. It has no other foundation; and whenever a discovery of this kind is sought in equity, if it shall appear that the same facts could be obtained by the process of the courts of common law, it is an abuse of the powers of chancery to interfere. The courts of common law having full power to compel the attendance of witnesses, it follows that the aid of equity can alone be wanted for a discovery in those cases where there is no witness to prove what is sought from the conscience of an interested party. Courts of chancery have then established rules for the exercise of this jurisdiction, to keep it within its proper limits, and to prevent it from encroaching upon the jurisdiction of the courts of common law."

The court then cites some American authorities, and says finally:

"Many other authorities to the same purpose might be cited from English and American reports. Unless such averments are required, is it not obvious that the boundaries between the chancery and common-law courts would be broken down, and that chancellors would find themselves, under bills for a discovery from an interested party, engaged in the settlement of controversies by evidence *aliunde* which the common-law courts have procured under the process of a subpœna; in delaying proceedings at law by pretenses that a discovery is wanted for the sake of justice; and in enjoining judgments upon indefinite allegations of the plaintiff having a knowledge of facts which give to a defendant an equity to be released, though the defendant might have availed himself of the evidence of third persons to establish the same facts in the progress of the cause, or of the powers of chancery to procure them, by a discovery to assist the court in deciding it, which last is the case now under consideration?"

As is obvious, this decision of the supreme court is directly applicable to the case at bar. What is sought by this bill is a discovery, by the defendant, of certain facts which it is believed are in his possession, and within his knowledge. All that would be accomplished if this bill were to be maintained, and a decree for a discovery made, would be a disclosure of those facts by the defendant. In the suit at law, as the present statutes of the United States provide, the defendant may be called as a witness, may be just as effectually examined as any other witness, and may be compelled to make just as complete a discovery as, in the absence of this statute, he could be compelled to make under a bill of discovery.

This being so, it follows that this bill is not maintainable. The demurrer will therefore be sustained, and the bill dismissed.