EDWARD KELLY *vs.* THE MUTUAL LIFE BENEFIT ASSOCIATION.

New Castle County, November Term, 1893.

**Practice. Production of Documents.**—The Court will not order the production of documents before *narr* filed.

This was an application for an order upon the defendant to produce the application for insurance, upon which a life insurance policy had been issued and upon which policy this suit was brought, based upon an affidavit alleging that the application for insurance contained matter pertinent and material to the time and was in the possession of the defendant. The *narr* had not been filed.

*Hayes,* for the plaintiff, contended that the paper could be procured by a bill of discovery in chancery ; 2 Sto. Eq. Jur. §§ 1483, 1485, 1490, 1495 ; Taylor, Ev. §§ 1793, 1797 ; Greenl. Ev. § 559 ; *Lawrence vs. Ocean Ins. Co.,* 11 Johns. 245; *Jackson vs. Jones,* 3 Cow. 17 ; *Wallis vs. Murray,* 4 Cow. 399 ; *Bank vs. Hilliard,* 6 Cow. 62.

And they may be obtained at any time, even before action brought if necessary for plaintiff to issue his writ or file his decla-

ration ; *O'Toole vs. Bowers & Dure,* an unreported case in this Court; Greenl. Ev. § 559 ; Sto. Eq. Jur. §1495; *Moodalay vs. Morton,* 1 Bro. C. C. 469.

*Ward,* for the defendant, directed the attention of the Court to the following language of the statute under which this application is made : " Which contain evidence pertinent to the issue," and " in the trial of actions at law," and as to the proper construction of the statute they cited *Frank vs. Frank's Admr.,* 1 Houst. 245 ; *Derringer's Admr. vs. Derringer's Admr.* 5 Houst. 148. The statute also says " under circumstances in which the production of the same might be compelled in a court of chancery." That court will not compel production until bill and answer filed ; *Sparks vs. Farmers' Bank,* 3 Del. Ch. 225 ; 2 Dan. Ch. Pr. 1817, 1818 ; Greenl. Ev. § 560.

LORE, C. J., delivered the opinion of the court.

The application is on the part of the plaintiff to compel the production of certain papers by the defendant. Suit was brought to the September term, 1892, but no *narr* has been filed and the case is therefore not at issue, and stands upon summons and appearance.

The statute under which this application is made is in these words :

" In the trial of actions at law the Court, on motion and due notice thereof, may order a party to produce books or writings in his possession or control, which contain evidence pertinent to the issue, under circumstances in which the production of the same might be compelled by a Court of Chancery."—Rev. Code (1893), 799. Amended April 19, 1895, Ch. 131, Vol. 20, Del. Laws.

This case is not on trial ; it is not even at issue. It appears to the Court that this statute means that the case must be at issue, and that it is at the trial that the papers must be produced.

The only question here is, at what time must these papers be produced? That was distinctly ruled in the case of *Frank vs. Frank's Admr.,* 1 Houst. 245, and it is so explicit on that point that we think there can be no doubt about it. There the case was

Del.]    Kelly vs. Mutual Life Benefit Asso.    **185**

Opinion.

actually at issue, and the application was made to have the papers produced before the trial, and in that case the Court say :

"We discharge the rule, and should not have laid it except to afford the party applying for it an opportunity to show authority for it, if he could. But whatever may be the suspicions attaching to the conduct of the plaintiff, as alleged in the affida-vit, we have no power to command the production of these notes for the purposes stated, or for any other purpose, in this stage of the case"—that is, before the trial—"and we have therefore no hesitation in dismissing it."

In the case of *Deringer vs. Deringer's Admrs.*, 5 Houst. 148, the Court modified the rule to some extent. There the case was at issue and had been called for trial, after having been postponed several days for the purpose of having these papers produced. The Court ruled that at that time, before the jury was drawn or they had entered into the trial of the case, they would compel the production of the papers. It had been contended that production ought not to be compelled until the proper time to introduce them in evidence. This decision was a relaxation of the rule.

The Court did say in that case that when the papers were produced they would give the party calling for them opportunity to examine them, even if it delayed the case.

We think under those decisions—which we are not prepared to overrule (notwithstanding the decision in *O'Toole vs. Bowers & Dure*, the facts of which are not actually before us), that this statute not only requires that the case shall be at issue, but that production shall be at the trial of the case before the jury is actually drawn ; and then the party calling for them may have opportunity to examine the papers. We, therefore, decline to make the order for their production now.