MILLER v. MOISE et al. (three cases).

(Circuit Court, E. D. Pennsylvania. March 29, 1909.)

Nos. 241, 247, 249.

**1. DISCOVERY (§ 3*)—BILL—RIGHT TO RELIEF.**

Bills for discovery will not be sustained, where the information desired can be obtained by the taking of depositions, by cross-examination of plaintiff at or before trial, by the examination of public records, or by notice to produce documents.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

**2. RECORDS (§ 14*)—PUBLIC RECORDS—RIGHT TO EXAMINATION.**

The contents of a public record office are always at the service of a person desiring to examine the same, on due application to the official in charge.

[Ed. Note.—For other cases, see Records, Cent. Dig. §§ 13–17; Dec. Dig. § 14.*]

**3. DEPOSITIONS (§ 8*)—RIGHT TO TAKE.**

Depositions of witnesses who cannot be compelled to respond to a subpoena may be taken at any time, by the entry of an appropriate rule in the Circuit Court.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 8; Dec. Dig. § 8.*]

Bills for Discovery.

Sidney E. Smith, for complainant.

Sharp, Alleman & Moise, for defendants.

J. B. McPHERSON, District Judge. Without noticing several other objections to these bills of discovery, it is enough to say concerning each of them that I see nothing in the facts averred to call for the exercise of a chancery power which has become practically obsolete, or at all events is only to be exercised in unusual cases. All the information that the complainant declares to be essential to his defense in the three actions at law that have been brought against him in the Circuit Court can be obtained either by taking the depositions of certain persons named in these bills as respondents, or by the cross-examination of the plaintiff in the three actions at law—and such cross-examination may be had either at the trial or by deposition before the trial—or by inquiry in the public record office of the appropriate county in South Carolina, or by the usual notice to plaintiff's counsel to produce certain papers. If the plaintiff in the actions at law—who is beyond the reach of a subpoena—should not appear at the trial, the court can decline to proceed with the case until he offers himself for cross-examination; and a similar remedy can be applied if papers are not produced after proper notice. The contents of a public record office are always at the complainant's service upon due application to the official in charge, and the depositions of witnesses who cannot be compelled to respond to a subpoena may be taken at any time by the entry of an appropriate rule in the Circuit Court.

Without making any formal order now upon these bills, the fore-

going brief expression of my views concerning the complainant's right to maintain them will probably be sufficient. I may add that upon his own showing he seems to be well informed about the matters in dispute, and to be exposed to no more than the usual hazard from the disclosure of his adversary's case.