H. Clifton Leib *vs.* American National Mortgage Company.

(*January* 22, 1925.)

Rodney, J., sitting.

*James R. Morford* for plaintiff.

*George L. Townsend* for defendant.

Superior Court for New Castle County, January Term, 1925. No. 79, January Term, 1925.

Rodney, J. The question here involved was passed upon by this Court in *Kelly v. Mutual Life Benefit Assn.*, 15 *Del.* (1 *Marv.*) 183, 40 *A*. 954, decided in November, 1893.

The statute at the time of the cited decision provided:

"In the trial of actions at law, the court on motion and due notice thereof, may order a party to produce books, or writings, in his possession or control, which contain evidence pertinent to the issue, under circumstances in which the production of the same might be compelled by a Court of Chancery." *Rev. Code* 1852, as amended to 1893, *p* 799.

It was determined that the statute meant "that the case must be at issue and that it is at the trial that the papers must be produced."

Subsequently in 1895, by *Chapter* 121, *Volume* 20, *Laws of Delaware*, the words "in the trial" in the first line of the statute were stricken out and the words "at any time during the pendency" substituted therefor, leaving the statute as it exists today.

Under this amendment the time of the production of the documents or papers has been changed but the status of the case or the condition of the pleadings at the time of the petition for production has not been changed. The statute still requires that the documents must contain evidence "pertinent to the issue." The cited case holds that in order to obtain production of documents the case must be at issue. This holding is in accord with authorities construing similar statutes. 18 *C. J.* 1122, and cases cited.

The petition is, therefore, dismissed.