## DURANT v. GOSS.

(Circuit Court of Appeals, Sixth Circuit. May 4, 1926.)

No. 4543.

**1. Discovery ⬳3—Court of equity has jurisdiction to entertain bill of discovery in aid of action at law, but jurisdiction will not be exercised if legal remedies are sufficient (Rev. St. § 724 [Comp. St. § 1469]).**

Jurisdiction of court of equity to entertain bill of discovery in aid of action at law is not affected by Rev. St. § 724 (Comp. St. § 1469), giving courts of law power to require production of books or writings, but jurisdiction will not be exercised if legal remedies are sufficient.

**2. Discovery ⬳6.**

Bill of discovery cannot be used merely for purpose of enabling party to pry into case of his adversary, to learn its strength or weakness.

**3. Discovery ⬳19—Bill of complaint for discovery of matters relating to defendant's cross-demand in action at law, read in connection with petition, held not to require intervention of court of equity, since court in which law action was pending could grant necessary relief (Rev. St. § 724 [Comp. St. § 1469]).**

Bill of complaint for discovery of matters relating to defendant's cross-demand in action at law, read in connection with plaintiff's petition for conversion *held* to present no such state of facts as required intervention of court of equity, since under Rev. St. § 724 (Comp. St. § 1469), court in which law action was pending had authority to grant him all relief necessary.

Appeal from the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Bill for discovery by William C. Durant against Arnold H. Goss. From a decree dismissing the bill of complaint, plaintiff appeals. Affirmed.

William C. Durant, the appellant in this case, brought an action at law, No. 6771, against Arnold H. Goss for the wrongful and fraudulent conversion to his own use of 1900 shares of the capital stock of the Chevrolet Motor Company, of the par value of $100 each and of the market value of $400 each, owned by the plaintiff and loaned to the defendant. A plea was filed, denying that plaintiff had loaned to the defendant any stock as alleged in the petition, or that defendant had converted to his own use any stock of the Chevrolet Motor Company, or any other stock, owned by the plaintiff, and a notice of recoupment further averred that at the time of the commencement of the suit the plaintiff was indebted to the defendant in a large sum of money upon the several items described in the plea and' set forth in a bill of particulars. Later an amended bill of particulars was filed and the plaintiff thereupon moved the court to require the defendant to file a further and sufficient bill of particulars. Upon application of attorneys for defendant, the court ordered plaintiff to file interrogatories. These interrogatories are not made part of the bill of exceptions, but the defendant's answers thereto are printed in the record.

On February 18, 1924, the plaintiff filed a petition in the law case, No. 6771, for production of books and other written evidence in the possession of the defendant, and on the same day filed a like motion in said cause. It does not appear that the court made any order, either upon that petition or motion, in reference to the production of the books and writings alleged to be in the possession of the defendant. On April 14, 1924, the plaintiff commenced this action for discovery of matters relating to defendant's cross-demand. On motion of defendant, the court denied the prayer of the bill of complaint, and entered a decree dismissing the same, from which decree the plaintiff appeals.

Thomas A. E. Weadock, of Detroit, Mich. (John C. Weadock, of New York City, on the brief), for appellant.

S. Pointer Bradley, of Detroit, Mich. (Merlin Wiley, of Detroit, Mich., on the brief), for appellee.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). Section 724 of the Revised Statutes (Comp. St. § 1469) provides that, "in the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery." The purpose of this provision is to provide a substitute for discovery in aid of a legal action. Carpenter v. Winn, 221 U. S. 533, 537, 31 S. Ct. 683, 55 L. Ed. 842.

[1] Section 724, R. S., has so enlarged the powers of courts of law to order and require the production of books or writings in the possession or control of either plaintiff or de-

fendant as to make the equitable remedy practically unnecessary, but it does not affect the jurisdiction of a court of equity to entertain a bill of discovery in aid of an action at law, where the bill presents a case calling for the exercise of such power. Carpenter v. Winn, supra; General Film Co. v. Sampliner (C. C. A. 6) 232 F. 95, 146 C. C. A. 287. If the legal remedies are sufficient, the jurisdiction will not be exercised. Like any other equitable remedy, it is exceptional, and the plaintiff must bring himself within the exception. U. S. v. Bitter Root Development Co., 200 U. S. 451, 472, 478, 479, 26 S. Ct. 318, 50 L. Ed. 550; Scotten et al. v. Rosenblum et al. (D. C.) 231 F. 357, 360; Rindskopf v. Platto (C. C.) 29 F. 130.

[2] The plaintiff's suit at law, in aid of which he claims this bill of discovery has been filed, is an action to recover the value of shares of stock in a corporation which plaintiff avers were loaned by him to the defendant and wrongfully converted by the defendant to his own use. Plaintiff has equal knowledge with defendant whether these shares of stock were or were not loaned by him to the defendant, nor does plaintiff require any disclosure from the defendant to prepare his pleadings. What he is actually seeking to do by this bill of discovery is, not to secure evidence solely within the control of the defendant necessary to maintain his action against defendant, but to compel the defendant to disclose the evidence upon which he bases his defense to this action, and upon which he predicates his right to recover from the plaintiff upon the several items pleaded in his notice. "A bill of discovery cannot be used merely for the purpose of enabling the plaintiff in such a bill to pry into the case of his adversary to learn its strength or weakness." Carpenter v. Winn, supra, at page 540 (31 S. Ct. 685).

[3] The plaintiff has filed in the law action, in aid of which this bill of discovery is filed, a petition and motion for an order requiring defendant to produce books and writings in his possession. Under the provisions of section 724, R. S., the court in which the law action is pending has authority to grant him all the relief in this respect to which he is entitled. His bill of complaint in this case, read in connection with his petition in the law action, presents no such state of facts as would require the intervention of a court of equity by the exercise of its power to compel disclosures.

For the reasons stated, the decree of the District Court is affirmed.