## SMITH v. UNITED STATES.
### No. 20015.

District Court, W. D. Washington, N. D.
Feb. 21, 1930.

Graham K. Betts, Wm. G. Beardslee, and Joseph A. Barto, all of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., Tom De Wolfe, Asst. U. S. Atty., and Lester Pope, Regional Atty., U. S. Veterans' Bureau, all of Seattle, Wash., for the United States.

NETERER, District Judge (after stating the facts as above).

It is at once apparent that the names of the witnesses of the defendant by whom facts may be established, is sought, and not records and documents pertaining to the disability of the deceased. The Supreme Court in Carpenter v. Winn, 221 U. S. 540, 31 S. Ct. 683, 686, 55 L. Ed. 842, said: "The court will require reasonable proof of the possession and of the pertinency of the papers. If the object of the party is to avail himself of the provision of the section, so as to move for a nonsuit, or for judgment by default, he must put the party on his guard, and let him know the consequences of a refusal; and the party receiving such notice will come prepared to meet it."

The purpose of Equity Rule 58 (28 USCA § 723) is to assist a party to support his claim. The discovery is limited to ultimate facts material to the issue and not the names of the witnesses known to the adversary by whom the facts material to the issue may be established, nor agencies by or through whom material facts may be proven. Wolcott v. National Electric Signalling Co. (D. C.) 235 F. 224; J. H. Day v. Mountain City Mill Co. (D. C.) 225 F. 622; F. Speidel Co. v. N. Barstow Co. (D. C.) 232 F. 617.

The remedy is exceptional, and a party invoking it must bring himself within the exceptions (U. S. v. Bitter Root Dev. Co., 200 U. S. 451, 26 S. Ct. 318, 50 L. Ed. 550), and may not be used for the purpose of discovering the weakness or strength of the adversary. Carpenter v. Winn, supra. See, also, Durant v. Goss (C. C. A.) 12 F.(2d) 682. Nor is there anything in the record which shows a necessity for discovery in equity or that section 724, Rev. St. (section 636, title 28, USCA) is not sufficient. Nor is it sought to discover records and documents.

Defendant at bar stated its willingness to produce at trial any records or documents in its possession on demand.

Motion to dismiss the bill is granted.