RANDALL v. RANDALL.

(Division B. March 3, 1930.)

[126 So. 484. No. 28646.]

**T. B. Davis**, of Columbia, for appellant.

No briefs by counsel found.

**Anderson, J.**, delivered the opinion of the court.

Appellant filed her bill for divorce against appellee in the chancery court of Marion county. Appellee answered the bill, denying its material allegations. Thereupon appellant made application to the court for an allowance against appellee of temporary alimony in

a sum sufficient for her support, pendente lite, and with which to pay an attorney to prosecute the suit. The application was heard on evidence, resulting in a decree allowing appellant a sum with which to compensate her attorney for prosecuting the suit; but denied her support money during the pendency of the cause. From that decree the court granted appellant this appeal, to settle the principles of the cause.

After the cause had reached this court, appellant filed a motion for an allowance against appellee of a reasonable sum with which to pay her attorney for prosecuting this appeal. The only question, therefore, that this court is called on to review is the action of the chancellor in refusing to allow appellant alimony for her support during the pendency of the litigation. Chapter 151, Laws of 1924 (section 9, Hemingway's Code 1927), provides that the chancellor, in the exercise of sound discretion, may grant an appeal from an interlocutory decree whereby money is required to be paid or the possession of property changed; or when having sustained or overruled a demurrer or motion, he may think an appeal proper in order to settle the controlling principles involved in the cause; or, in exceptional cases, to avoid expense and delay.

The appeal in this case does not come within either of the provisions of the statute. It does not require the payment of any money by appellant; it does not require any change in possession of property; it does not settle the controlling principles involved in the cause; and this is not an exceptional case, in which an appeal should have been granted to avoid expense and delay. The controlling principles of the cause are embodied in the bill for divorce, and the answer thereto. Temporary support for the wife, pending litigation, is a mere collateral issue. It was held in Liberty Trust Co. v. Planters' Bank (Miss.), 124 So. 341, that, where an appeal from an interlocutory decree would not settle all the *controlling principles* of the cause, but only part of the controlling prin-

ciples, this court would dismiss the appeal of its own motion. We think this case comes clearly within the principles laid down in that case.

It cannot be said that this is an exceptional case, in which an appeal should have been granted to avoid expense and delay; for we are unable to see either how any additional expense in connection with the litigation, or delay therein, will result because the court refused to make an allowance to appellant for her support pending the suit.

We therefore dismiss the appeal, because it should not have been granted; and it follows that appellant's motion for an allowance against appellee for an attorney's fee in this court is overruled.

Motion overruled, and appeal dismissed.