MILLER *v.* KLINGMAN *et al.*

(Division B.   March 17, 1930.)

[126 So. 838.   No. 28514.]

B. B. Allen, of Indianola, for appellant.

Moody & Johnson, of Indianola, for appellees.

Griffith, J., delivered the opinion of the court.

There was a contract between appellant and appellees for the cotton season of 1926-27 to the effect that appellant would buy cotton for appellees, and that appellees would re-sell the same along with other cotton to be sold by the latter, and that the profits on the cotton procured

by appellant would be equally divided. On May 25, 1927, following the close of the season, appellees sent appellant a statement of the account between them, and at the same time a letter that "If there is anything that you do not understand we shall be very glad to go over the account with you or let you run over the books for yourself." The statement was not satisfactory to appellant, and appellees undertook to itemize it in a manner to clear up any difficulties; and, on July 9, 1927, they sent to appellant the account thus further itemized together with a further letter to the effect that appellant was "at perfect liberty to come to the office and look over any of the books that pertain to your account," and, further, that appellant could take copies of any of the records in the office in relation to said accounts.

Appellant did not accept this offer, but instead filed a bill for discovery, and called on appellees to discover not only every detail in respect to the sales of those bales, being about seven hundred thirty-two bales, which had been procured by appellant, but also called for elaborate additional information covering every bale of the entire sales of appellees for said season, and without regard to who, other than appellant, were interested in the other cotton. In other words, the additional information and discovery called for would require a complete abstract of all the transactions of appellees' entire business during the said season, which embraced the purchase and sale of approximately seven thousand five hundred bales, and, according to the undisputed testimony, would require the services of an expert accountant for a period of not less than two months.

Appellees answered discovering, and setting forth in every detail, the facts and figures in respect to the bales procured by appellant, the said discovery covering fifty-eight pages of the transcript here; but did not discover as to the more than six thousand five hundred bales which had been procured by others than appellant. As to the

latter, appellees alleged in their answer: "That to obtain the information sought would require practically an audit of their books for the entire cotton season of 1926-27, and that the work necessary to obtain such information is properly the work of an expert accountant; that if such information could possibly be obtained by these defendants or any of their employees it would require an unconscionable amount of work and time, and so the discovery prayed for in this regard is vexatious and oppressive;" and defendants in their answer renewed their offer to allow complainant, or his attorney, or any reputable accountant to be employed by complainant, to have complete access to all their records, at any reasonable time, to make an audit or any other examination desired, and defendants prayed the judgment of the court whether they should do more.

Upon the coming in of the answer, appellant filed the following motion to strike:

"And now comes the complainant by his solicitor and moves the court to strike from the record in this case the pretended answer and pretended discovery of the defendants heretofore filed in this cause on the 18th day of December, 1928, for the reason that said pretended answer fails to state a defense to said bill of complaint, and fails to make a discovery of the material matters called for by the original bill of complaint as amended in this cause, and for the other causes to be assigned on the hearing of this motion."

The motion was overruled; and on the ground that it would avoid expense and delay, an interlocutory appeal was allowed by the chancellor. We are not informed by the record what in fact was before the chancellor as ground for his order that the interlocutory appeal would avoid expense and delay, but we will assume, so far as this case is concerned, that he had sufficient of facts upon which to base the order; but we do not accept jurisdiction in this case as a matter of precedent, again calling

attention to the fact that interlocutory appeals are not favored, and should be allowed only when strictly within the statute on that subject. See Griffith Miss. Chan. Prac., sections 680-682, and the cases cited in the notes to those sections.

It is to be first observed that the motion was properly overruled because it embraced a general ground going to the legal sufficiency of the answer on the merits, in which respect it was not well taken, and also another ground which is special, going only to a matter of procedure, that is, to the point whether the discovery, in response to the special interrogatories of the bill, had been full. A motion to strike, if it go to legal substance, that is, to the merits, is to be sustained or overruled in its entirety, so that in considering such a motion the court will look only to the general ground, and disregard the special ground, as is done in the case of a demurrer which contains both a general ground and others which are only special. And there is even more of necessity for applying this rule to motions to strike an answer, than to a demurrer. For there is not only the reason that when a motion of the double aspect, such as the foregoing motion, is sustained, it often could not be told on what ground the action was taken, whether on the merits or on the procedural phase, but there is the yet stronger reason that on a motion to strike an answer which challenges the answer on the merits, no evidence is allowed, the motion standing strictly as a demurrer, whereas if it go to the procedure, evidence is allowable, as in all procedural motions, in a proper case, as in this case, evidence was taken, and properly so. There could hardly be a more awkward incongruity than that a motion should be allowed of such a character that viewing it in one phase, no evidence whatever could be received on its hearing, while in another view or phase, evidence would be admissible. On the exact point dealt with in this paragraph, see Griffith Miss. Chancery Practice, sections 372-373.

However, appellees have, in effect, waived the point aforesaid, and have joined issue upon the procedural question, and, so far as this case is concerned, we will deal with that matter also as the parties themselves have elected to do, and as the trial court appears to have done. It is a general principle, applicable to all bills of discovery, that such a bill "cannot be maintained to discover matter whereof complainant has the same means of information as defendant." 18 C. J., p. 1067; Woodruff v. State, 77 Miss. at page 115, 25 So. 483; and see, also, Griffith Miss. Chan. Prac., sections 429-430. The case at bar, in our opinion, falls substantially within the stated rule. We add only that when the information sought would necessitate an audit, and the books and records with which to make same are unreservedly tendered within reasonable hours to the complainant, or any reputable auditor to be employed by him, it must be a rare case indeed which would require that nevertheless a defendant shall, at his own expense, make the audit and furnish same to complainant, as part of the answer. Discovery being an equity, it must remain within equity also as regards the circumstances, the manner, and the extent of the demand therefor. It therefore follows that distinctly unreasonable, clearly unjust, or manifestly oppressive requirements cannot be placed upon a defendant through the devices of interrogatories to a bill of discovery. We agree with the chancellor that to compel a compliance by these defendants, further than they did comply, in this case, would be clearly unreasonable and unjust; and the decree is therefore affirmed.

Affirmed and remanded.