ANNETTE E. EMERSON,

*vs.*

UNIVERSAL PRODUCTS COMPANY, INCORPORATED, a corporation of the State of Delaware.

*New Castle, Sept. 30, 1931.*

*Hugh M. Morris,* for complainant.

*William G. Mahaffy* and *Charles F. Curley,* for defendant.

THE CHANCELLOR: The second ground of demurrer raises the point that the complainant can secure the relief of discovery here sought by appropriate application to the Superior Court in the action there pending.

Section 4228, *Revised Code* of 1915, provides as follows:

"At any time during the pendency of actions at law, the Court, on motion and due notice thereof, may order a party to produce books, or writings, in his possession, or control, which contain evidence pertinent to the issue, under circumstances in which the production of the same might be compelled by a Court of Chancery; and the Court making such order, shall have the same power for enforcing it which is exercised by a Court of Chancery in like cases," etc.

In construing this provision the Superior Court in *Lieb v. American National Mortgage Co.*, 3 *W. W. Harr.* 252, 138 *A.* 277, held that the case must be at issue before an order for production could be granted.

I·do not understand the solicitor for the complainant to contest the proposition that if the party seeking discovery in equity as an aid to his action or defense at law, has the means afforded him in the law action to secure the discovery he desires, relief in equity will be denied him. Such appears to be the rule. *Story, Equity Pleading*, (6th Ed.) § 555; *Rindskopf v. Platto*, (*C. C.*) 29 *F.* 130; *Miller v. Moise, et al.*, (*C. C.*) 168 *F.* 940; *Durant v. Goss*, (*C. C. A.*) 12 *F.* (*2d*) 682; *Turnbull v. Crick, et al.*, 63 *Minn.* 91, 65 *N. W.* 135; *Metcalf v. Clemmons-Powers Co.*, 200 *Ala.* 243, 76 *So.* 9.

It is contended, however, that the complainant is unable to secure the discovery sought in her law action because under the construction given by the Superior Court to *Section* 4228 of the *Code* (*supra*), discovery can be obtained at law only after issue joined, and inasmuch as the defendant has refused under the *Superior Court Rule* 26 to plead until a bill of particulars shall have been filed and the plaintiff is unable to file a bill of particulars until after she has had discovery of the defendant's books for the necessary information, it is apparent, so the argument goes, that issue cannot be joined, and hence it is impossible to satisfy the *sine qua non* of discovery at law. Wherefore the con-

clusion is drawn that a court of equity is the only forum in which the relief of discovery is obtainable.

When the nature of the law case is considered and the practice of the bar in stating the plaintiff's demands in such cases is recalled, it would seem that the plaintiff ought to experience no difficulty in forcing her case to issue. The action at law is to recover royalties. The amount due under the contract is dependent entirely upon the number of universal joints manufactured or sold by the defendant. When that number is ascertained, a simple problem in multiplication will reveal the sum due to the plaintiff from the defendant. It is entirely competent for the plaintiff to name as the number of devices sold both in the United States and for export such a quantity as will safely cover her most optimistic hopes. Indeed when she named the figure of two million dollars in her declaration as her damages, she in substance did this. As was said in *Safford v. Ensign Mfg. Co.*, (*C. C. A.*) 120 *F.* 480, 482, "it would seem, therefore, that the only care that would need to be exercised by the plaintiff, in a case like the present, would be to see that he filed an account for royalty upon a sufficient number of the couplers to insure that he was not understating the facts," so it may be similarly said here that the plaintiff need only be sure that she is sufficiently liberal in her particulars to cover the outside of her possible claims. If the plaintiff files a bill of particulars stating claims for so many universal joints sold in the United States and its territories at the designated royalty rate and so many sold in the export trade at the designated royalty rate for that trade, she will have filed a bill of particulars that will put the defendant to a plea, and then the case will come to issue and the predicate be established for invoking the law court's power to compel discovery. The only possible objection that the plaintiff can raise to this course is that the figures she files in her bill of particulars would necessarily be to an extent fictitious ones. But upon reflection that objection is not a substantial one when it is remembered that the bill of par-

ticulars is not under oath and it is the common practice of parties plaintiff in law cases to state their unknown damages in terms of sufficient liberality to cover all possible contingencies of proof.

Demurrer sustained.  Order accordingly.