## KEITH v. ENDICOTT JOHNSON CORPORATION.
### No. 255.

Circuit Court of Appeals, Second Circuit.
Feb. 18, 1935.

Sullivan & Cromwell, of New York City, for appellant.

Morgan & Lockwood, of New York City (Mark W. Maclay and Sidney J. Kaplan, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The action at law, in aid of which the bill of discovery was filed, claims damages in the aggregate of $1,000,000 on one hundred causes of action, half of which sound in contract and half in tort. The plaintiff is the owner of patents on cementing apparatus used in the manufacture of shoes. The defendant is a large shoe manufacturing corporation to which he claims to have leased certain of his patented machines. By the terms of the alleged leases, the defendant was to pay a rent or royalty computed at a stated rate per pound on all adhesives used in connection with the leased machines. The lessee was to keep an accurate monthly account of the adhesives used which the lessor had not furnished, and to report the same to the lessor; a failure to do so was to be deemed a report that no such adhesive had been used during the preceding month. The lessee agreed also to keep the machines in good order and to use them to full capacity, "limited only by the production of the factory of the lessee." The complaint in the action at law alleges that the defendant has used in connection with the machines great quantities of adhesives supplied by persons other than the plaintiff, the precise amount of which the plaintiff does not know, and has broken its agreements as to the payment of rental, the making of monthly accounts and reports, the keeping of the leased machines in good order, and their use to full capacity. The tort counts allege fraudulent representations as to the quantity of adhesives not furnished by the plaintiff used in connection with the machines.

The bill of discovery seeks information as to the amount of adhesives used by the defendant during the period involved, dating back to April 24, 1919, the production of the defendant's factories upon which the leased machines might have been used, and the extent to which they were so used in fact. Thirty-one interrogatories were annexed to the bill, to all of which objections were filed by the defendant. The decree appealed from overruled the objections and

directed that answers be made to certain of the interrogatories. To some of them the appellant no longer objects; to others it still presses its objections.

Interrogatories 3 and 4 call for the names and addresses of all employees in charge of the leased apparatus and the names and addresses of all officers and directors of the defendant since April 24, 1919. Discovery should be directed to ultimate facts material to the issue and not to obtaining the names of witnesses by whom facts material to the issue may perhaps be established. The defendant's objections to these interrogatories should have been sustained. Smith v. United States, 57 F.(2d) 351 (D. C. W. D. Wash.); Goodrich Zinc Corp. v. Carlin, 4 F.(2d) 568 (D. C. W. D. Mo.); Kinney v. Rice, 238 F. 444 (D. C. Mass.).

Interrogatories 11 and 12 ask the defendant to admit or deny that the plaintiff installed machines as he had alleged in his complaint in the action at law. This relates to facts within the plaintiff's own knowledge; he cannot have discovery merely for the purpose of getting an admission to save him the burden of offering his own proof. Durant v. Goss, 12 F.(2d) 682 (C. C. A. 6); Wolcott v. Nat. Electric Signaling Co., 235 F. 224 (D. C. Mass.).

Interrogatories 15 and 16, as modified by the District Court, demand detailed information as to the number of pairs of shoes made by the defendant each year since April 24, 1919, on which adhesives were used, and to the application of which adhesives plaintiff's machines were adapted. Interrogatories 17 and 18 are concerned with machines not supplied by the plaintiff, but adapted to apply adhesive in performing operations referred to in interrogatory 16. By interrogatory 29, the plaintiff seeks to discover whether the defendant has used adhesives manufactured by any of its subsidiaries or affiliates. Interrogatory 30 asks the defendant to specify what books, documents, and records are in its possession or control relating to certain matter set forth in the bill of complaint and at issue in the action at law. Various objections to these interrogatories have been interposed by the defendant, but, in the view we take of the case, none need be considered at this time. It appears from the records of the District Court in the law action that on the day after the decree was entered an order was entered providing for the appointment of an auditor.[1] The discovery is merely ancillary to the action, and we are therefore justified in taking notice, as we always may, of the records of the court in which it is pending. The fact that the plaintiff has applied for the appointment of an auditor makes unnecessary the discovery against which the defendant protests. Hearings before an auditor are not, strictly speaking, a trial; they are similar to discovery itself, a means by which complex issues may be defined and simplified in advance of trial and a voluminous mass of evidence may be sifted and formulated into conclusions having prima facie validity. See Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 119. In order to sift out the evidence, the auditor has power to subpœna any witnesses and books that he thinks proper. His flexible procedure is far superior to a bill of discovery which can only proceed by framing interrogatories to be passed upon by the court and cannot be put orally and ruled on at once. All that the plaintiff wants to learn can be asked, and will have to be answered if material; he can call an officer of the defendant, find out how the business was managed and so gradually get the names of witnesses so far as

---

[1] The order reads as follows:

"On the complaint and answer herein and on plaintiff's notice of motion dated June 27, 1934, for the appointment of an auditor, and on all the proceedings heretofore had herein, and on all the proceedings heretofore had in the suit in equity for discovery in aid hereof in Equity 78–37, and it appearing that the accounts involved herein are complex and intricate, that the documents and other evidence are voluminous, and that extensive computations are to be made, and after hearing Messrs. Morgan & Lockwood, attorneys for plaintiff, in support of said motion, and Messrs. Sullivan & Cromwell, attorneys for defendant, in opposition thereto, on motion of Morgan & Lockwood, attorneys for the plaintiff, it is

"Ordered that plaintiff's motion for appointment of an auditor be and the same hereby is granted, only on condition that plaintiff file on or before August 1, 1934, a bond for costs and expenses as taxed in the sum of $3,500, otherwise said motion be denied; and it is further

"Ordered that when and if such a bond has been filed and approved, as to firm amount and sufficiency of surety, the plaintiff may submit an order appointing an auditor, on two days' notice."

The bond was filed and approved on August 1, 1934. No auditor has as yet been appointed.

necessary. He can require the production of documents and records material to the proof of his case. We can see no advantage in duplicating the more supple remedy of an auditor with the vexatious labor of a discovery. If the legal remedies are sufficient, the equitable jurisdiction of discovery will not be exercised. Durant v. Goss, 12 F.(2d) 682, 683 (C. C. A. 6); A. W. Feeser, Inc., v. American Can Co., 2 F. Supp. 561 (D. C. Md.); Miller v. Klingman, 156 Miss. 795, 126 So. 838; Emerson v. Universal Products Co., 18 Del. Ch. 189, 156 A. 786; Dunn v. Coates, 1 Atk. 288; Story, Equity Pleadings (10th Ed.) § 555.

As to such interrogatories as have not been questioned on this appeal, the decree will stand; as to interrogatories 3, 4, 11, 12, 15, 16, 17, 18, 29, and 30 it will be reversed.