of the evidence, unless that question had been presented to the trial judge on a motion for a new trial; and in that case the principle upon which these decisions rest is explained, that such questions do not arise until the verdict has been rendered, and, unless the trial judge is thereafter given an opportunity to rule upon them by a motion for a new trial, there has been no error in that respect for us to review here. The principle and the stated reasons include an assignment that the verdict is inadequate in amount. The second reason is that there is not sufficient competent evidence in the record in behalf of the stated assignment to support it, even if it could be now considered; the evidence relied on being that which has included in the estimate of damages the element of detriment simply because of the location of the highway within the immediate vicinity of the property, which, as we have already stated, is not a proper element to be added in the case.

Affirmed on cross-appeal; reversed and remanded on direct appeal.

rect attack. If we should hold with the appellant the bill is readily and easily amendable as to formal allegation and the formal prayer of the cross-bill. That being true, an opinion by us on the merits would simply point out wherein the cross-bill was defective, if it is, in formal allegation and prayer, and thereupon the cross-bill would, or could, be amended. That being our conclusion, we are of the opinion that the appeal would not "settle all of the controlling principles" of the case, and, in conformity with the practice established by this court in its construction of section 14 of the Code of 1930, we have decided on our own motion to dismiss this appeal. It should not have been granted by the chancellor. See Liberty Trust Co. v. Planters' Bank, 155 Miss. 721, 124 So. 341; Miller v. Klingman, 156 Miss. 795, 126 So. 838; Randall v. Randall, 156 Miss. 656, 126 So. 484; Carothers v. Bank of Baldwyn, 158 Miss. 602, 131 So. 111; Moore v. White, 161 Miss. 390, 137 So. 99.

Appeal dismissed.

McGOWEN, Justice.

This is an appeal from an order overruling a demurrer filed by the appellant, the Lampton-Reid Company, to a cross-bill of Allen and Ball, the appellees, which order granted the appellant an appeal "to settle the principles of the case."

The main contention of appellant is that the cross-bill is a collateral attack on a former decree against appellees in the same court, while appellees contend that it is a di-