C. F. SIMONIN'S SONS, Inc., v. AMERICAN CAN CO.

No. 9881.

District Court, E. D. Pennsylvania.
March 24, 1938.

George V. Strong, of Philadelphia, Pa., for plaintiff.

Samuel Scoville, Jr., and Thomas Racburn White, both of Philadelphia, Pa., for defendant.

MARIS, District Judge.

This is a bill for discovery in aid of an action at law commenced on May 28, 1937, in this court. No statement of claim having as yet been filed in that action, it is necessary for us to look to the bill for a disclosure of the cause of action in aid of which discovery is sought. The following facts appear from the bill:

The plaintiff's suit is brought to recover damages for the violation by the defendant of section 2 of the Clayton Act, 15 U.S.C. § 13, 15, 15 U.S.C.A. § 13, and sections 1 and 3 of the Robinson-Patman Act, 15 U.S.C. §§ 13, 13a, 15 U.S.C.A. §§ 13, 13a; the suit being brought under the authority of section 4 of the Clayton Act, 15 U.S.C. § 15, 15 U.S.C.A. § 15. The plaintiff's business is packing and selling vegetable and salad oil in cans of a type manufactured by the defendant. It is carried on partially in interstate commerce in competition with certain nationally known packing companies mentioned in the bill. The defendant is engaged in the manufacture and sale in interstate commerce of salad oil cans of the type used by the plaintiff. Since July 1, 1927, the plaintiff has purchased cans of various types and quantities from the defendant under the terms of written contracts and otherwise.

It may fairly be inferred from the bill, although perhaps not averred with technical accuracy, that the plaintiff's complaint is that the defendant during the same period sold similar salad oil cans to the plaintiff's said competitors at lower prices than they were sold to the plaintiff or that it allowed such competitors discounts, rebates, or allowances or other advantages not allowed to plaintiff, in violation of the Clayton Act and the Robinson-Patman Act, to the plaintiff's damage. There is no averment as to the extent of its damage nor any more specific averment of the actions of defendant of which it complains. It does, however, aver that on December 29, 1936, defendant announced its intention to refund to the plaintiff sums by which plaintiff had been overcharged since June 19, 1936, the date of the approval of the Robinson-Patman Act, and that plaintiff then first discovered the alleged discrimination.

Upon these averments the plaintiff seeks discovery of all books, records, documents, writing, and contracts made with plaintiff's competitors as enumerated in the bill, including all contracts between the defendant and each of the competitors named in force on July 1, 1927, and entered into thereafter for the sale of cans for the brand names enumerated in the bill and all books, records, writings, and documents relating thereto and the prices that prevailed under each contract for all the time each contract was in force, and also any and all discounts, rebates, allowances, or other advantages allowed each of such persons in connection with the sale of such cans.

The defendant has moved to dismiss the bill. After full consideration we have reached the conclusion that its motion must be granted.

It seems clear to us that the plaintiff is seeking discovery upon mere suspicion or surmise of a violation of the Clayton Act. Certainly the defendant's offer to refund certain sums deemed overcharges under the Robinson-Patman Act cannot, in view of the differences between that act and the Clayton Act, give rise to more than a suspicion or surmise that it had previously exacted sums from the plaintiff which violated the latter act. The plaintiff's alleged cause of action is stated in the vaguest and most general terms. We think that what it is really seeking is not to discover evidence to support a known

cause of action but rather to learn from defendant's records whether or not it has a cause of action. Its bill is, therefore, merely a "fishing bill" and must be dismissed. Carpenter v. Winn, 221 U.S. 533, 31 S.Ct. 683, 55 L.Ed. 842; Pressed Steel Car Co. v. Union Pacific R. Co., D.C., 241 F. 964; Keenan v. Texas Production Co., 9 Cir., 84 F.2d 826.

It may be conceded that discovery is, as the plaintiff contends, a favored equitable remedy to secure evidence in the other party's possession. It lies only, however, to support a cause of action of which the plaintiff has other evidence and is not available to fish a cause of action out of the defendant's books and records. General Film Co. v. Sampliner, 6 Cir., 232 F. 95.

Furthermore, the discovery here sought is of all of defendant's dealings with plaintiff's competitors with relation to the cans in question. It, therefore, goes far beyond reasonable bounds and appears to be an effort to pry into transactions between defendant and plaintiff's competitors without regard to their relevancy to plaintiff's alleged cause of action. It amounts to an impertinent intrusion into the defendant's private affairs and an harassing inquisition which we will not permit. Wheeling Steel Corporation v. American Rolling Mill Co., 6 Cir., 82 F.2d 97.

But aside from this, plaintiff, if it is seeking only evidence to support its alleged cause of action, has an adequate remedy at law under section 724, Rev.St., 28 U.S.C. § 636, 28 U.S.C.A. § 636. This section authorizes the court, in actions at law, to require parties to produce at the trial books or writings pertinent to the issue. Here, if plaintiff has a cause of action, all that it will require as proof are those of defendant's contracts and agreements with plaintiff's competitors which show the terms of its sales to them. These may readily be produced at the trial. The data with regard to the actual sales, which would doubtless be most voluminous and involved, is obviously not relevant since the plaintiff is concerned only with a comparison between the terms of these sales and those made to it, and not with the sales themselves. The plaintiff is, therefore, for this further reason, not entitled to the discovery it seeks. United States v. Bitter Root Development Co., 200 U.S. 451, 26 S.Ct. 318, 50 L.Ed. 550; London

Guarantee & Accident Co. v. Doyle, C.C., 130 F. 719; Durant v. Goss, 6 Cir., 12 F. 2d 682.

Bill dismissed.